UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. STEVENS,<br><br>    Petitioner,<br><br>    v.<br><br>RON BLOOMFIELD, Warden,<br><br>    Respondent. | Case No. 21-cv-01908 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY; DENYING OTHER MOTIONS AS MOOT**<br><br>(Docket Nos. 11, 12, 13) |

    Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent filed a motion to dismiss the petition as an unauthorized second or successive petition. Dkt. No. 11. Petitioner filed a "traverse" which the Court construes as an opposition to Respondent's motion. Dkt. No. 14. Respondent did not file a reply. For the reasons set forth below, Respondent's motion is GRANTED.

**I. BACKGROUND**

    In 2007, Petitioner was found guilty by a jury in Lake County of first degree murder, with an enhancement for personal use of a knife along with various prior convictions enhancements. Dkt. No. 11 at 1. Petitioner was sentenced to 52 years to life

in state prison. *Id.* Petitioner's appeal of the matter was unsuccessful. *Id.*

In 2010, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district, challenging the same 2007 Lake County judgment. *Stevens v. Jasquez, et al.*, Case No. 10-cv-04883 JSW (PR). The district court denied the petition on the merits and denied a certificate of appealability on February 1, 2012. *Id.*, Dkt. No. 21.[1] The Ninth Circuit Court of Appeals denied a certificate of appealability on May 14, 2013. *Stevens v. Jasquez, et al.*, U.S.C.A. (9th Cir.) No. 12-15324.

On March 17, 2021, Petitioner filed the instant federal habeas petition.

## II.  DISCUSSION

**A.  Motion to Dismiss**

A second or successive petition containing previously raised or new claims may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Respondent argues that the instant habeas petition must be dismissed because it is a second or successive petition and has not been authorized by the Ninth Circuit. Dkt. No. 11 at 1. Respondent asserts that the instant petition is second or successive because Petitioner filed at least one prior habeas petition in this district, *see Stevens v. Jasquez*, Case No. 10-04883 JSW (PR), which challenged the same 2007 state conviction out of Lake County Superior Court. *Id.* at 2.

In response, Petitioner does not deny that he is challenging the same 2007 conviction. Dkt. No. 14. Rather, he seeks a certificate of appealability ("COA") from this

---

[1] Petitioner raised two claims in that petition: (1) ineffective assistance of counsel; and (2) prosecutorial misconduct in four instances. *Id.* at 2.

2

Court and an extension of time while he seeks authorization from the Ninth Circuit to file a second or successive petition. *Id.* To that end, Petitioner has filed a motion for a COA, Dkt. No. 12, and a motion for an extension of time, Dkt. No. 13.

A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, No. 16-15442, slip op. 1, 11 (9th Cir. May 8, 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)). The parties do not dispute that the instant petition meets both these requirements. Accordingly, the Court finds that the new claims raised in this action challenges the same conviction challenged in a prior federal habeas action and is therefore subject to 28 U.S.C. § 2244(b)(3)(A). As Respondent correctly asserts, Petitioner is required to obtain an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a renewed challenge to his state conviction based on new facts, claims or law. Petitioner has not presented such an order from the Ninth Circuit of Appeals. Accordingly, the instant petition must be dismissed in its entirety as second and successive.

Petitioner states that he filed for leave to file a second or successive petition with the Ninth Circuit on October 7, 2021. Dkt. No. 14 at 2. If the Ninth Circuit grants him leave to do so, Petitioner may then return to this Court with the second or successive petition and a copy of the Ninth Circuit's authorization and file a new habeas action.

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition, Dkt. No. 11, is **GRANTED**. The instant petition for a writ of habeas corpus is **DISMISSED** as second or successive. 28 U.S.C. § 2244(b)(3)(A). Petitioner may file another petition in

this Court only if he obtains the necessary order from the Ninth Circuit.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In light of this order, Petitioner's motions for a COA and extension of time are DENIED as moot. Dkt. Nos. 12, 13.

This order terminates Docket Nos. 11, 12, and 13.

**IT IS SO ORDERED.**

Dated: ____May 20, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Granting MTD; Denying COA
PRO-SE\BLF\HC.21\01908Stevens_grant-mtd(sec&succ)